EASTERN DIST.
*February*, 1838.

DICK ET AL.
*vs.*
LEVERICH.

</div>

<div style="text-align:right">

11L 574 | 3/
44 245
11L 573
46 51

</div>

DICK ET AL. *vs.* LEVERICH.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a bill is assignable only by endorsement, a person who obtains possession by a forged endorsement of the name of the payee, acquires no interest in it, although ignorant of the forgery; and the original holder may recover the amount from the acceptor, even if the latter has paid it.

DICK ET AL.
vs.
LEVERICH.

So, the acceptor of a bill, who has paid in error, to a holder who had no right to receive, may recover back the amount thus paid.

The record and judgment of a suit obtained in another state, to which the defendant was no party, will not be received in evidence, to prove the forgery of the endorser's signature to the bill sued on, and that the plaintiff had paid it in error. It cannot be received for no more than to prove such a verdict and judgment was rendered, *rem ipsam*.

This is an action to recover the sum of one thousand six hundred and twenty-three dollars, with interest and costs, which the plaintiffs allege they paid in error, as acceptors of a bill of exchange, to the defendant.

The petitioners show, that on the 20th of May, 1831, one David Craighead, at Nashville, drew a bill of exchange for one thousand three hundred dollars, on the firm of N. & J. Dick & Co., of New-Orleans, payable the 1st of June, 1832, in favor of John Troy, or order, which was duly accepted by the drawees. On maturity, the bill was presented by the defendant, with the endorsement of Troy and of Henry Haines & Co., and paid. After payment, John Troy made a demand on James Dick, one of the firm, then in Tennessee, for payment, on the ground that his name and endorsement on the back of the bill, was a forgery. Troy instituted suit in Nashville, and proved that his name had been endorsed on the bill without his authority, and used without his knowledge or consent. Judgment was recovered against the acceptors, and they finally paid the sum of one thousand six hundred and twenty-three dollars.

The plaintiffs then allege they paid the amount of this bill to the defendant, in error, and have a right to recover the amount thereof, back. The record and judgment obtained in Tennessee, was annexed to the petition, as an exhibit in the cause.

The defendant pleaded a general denial; and denied, specially, that he was not bound to refund; that if Troy's name had been endorsed without his authority, (which was denied,) it was with his knowledge, or he made no objection, and suffered the same to be paid, without giving notice; that by his neglect he lost all recourse, and the plaintiffs

, were not bound to pay him.  He prays judgment in his favor on the merits.

Upon these issues the parties went to trial.  It was admitted the bill had been paid in pursuance of Troy's judgment.

On the trial, the plaintiffs offered the record and judgment of the suit in Tennessee, obtained by Troy against the plaintiffs, as evidence to prove the forgery of Troy's name, endorsed on the bill.  This evidence was objected to by the defendant's counsel, as inadmissible, because he was no party to it, but it was received, and a bill of exceptions taken.

The district judge was of opinion, the record and judgment of the court in Tennessee, proved the endorsement of Troy's name on the back of the bill sued on, without his consent or knowledge, by another person, unauthorized ; and that under this state of the case, the plaintiffs would be entitled to recover.  But he was also of opinion, that the plaintiffs, as ,soon as they were informed of Troy's signature being forged, should have notified the defendant thereof, in order that he might take steps to protect himself ; and there being no allegation or proof of this, no recovery can be had.  Judgment was given for the defendant, from which the plaintiffs appealed.

*Peirce,* for the plaintiffs, contended, that the notice required by the court was not necessary to be alleged ; and if the want of it had been pleaded by the defendant, it would have been shown, if required.

2. There is no law requiring notice, in such cases as this, to be alleged and proven.  If it had been denied and insisted on, as having occasioned loss to the defendant for want of it, it could and would have been proven.

3. The judgment is wholly erroneous.  The judge had no right to wander into points and grounds not made by the parties.  The plaintiffs' right to recover is fully recognized by law, and in *Chitty on Bills.*

*Lockett,* for defendant, objected to the record and judgment .obtained by Troy *vs.* Dick and others, being read in evidence,

EASTERN DIST. to prove the forgery of Troy's name on the back of the bill, February, 1838. because the defendant was no party to it.   It is to him *res*

DICK ET AL. *enter alios acta.*
*vs.*
LEVERICH.        2. But even if the forgery was proved, there is no notice alleged and proven to the defendant, so that he might guard himself against it; therefore no recovery can be had.   *Chitty on Bills,* 462, 464, 628–9, 503, 262.

Where a bill is assignable only by endorsement, a person who obtains possession by a forged endorsement of the name of the payee, acquires no interest in it, although ignorant of the forgery; and the original holder may recover the amount from the acceptor, even if the latter has paid it.

So, the acceptor of a bill, who has paid in error, to a holder who had no right to receive, may recover back the amount thus paid.

The record and judgment of a suit obtained in another state, to which the defendant was no party, will not be received in evidence, to prove the forgery of the endorser's signature to the bill sued on, and that the plaintiff had paid it in error.   It cannot be received for more than to prove such a verdict, and judgment was rendered *rem ipsam.*

*Bullard, J.,* delivered the opinion of the court.

This is an action by the acceptors of a bill of exchange, to recover back from the defendant the amount of it, upon an allegation that the endorsement of the original payee was forged, and that the plaintiffs had been compelled to pay him a second time the amount of the bill.   The bill appears to have been drawn by Craighead on the plaintiffs, payable to the order of one Troy, and it purports to bear the endorsements of Troy, and afterwards of Henry Haines & Co., from whom it was received by the defendant.   It was paid to the defendant at its maturity.

The district court gave judgment in favor of the defendant, and the plaintiffs appealed.

It is a well settled principle of the commercial law, that when a bill is assignable only by endorsement, a person who obtains possession of it by a forged endorsement, acquires no interest in it, although ignorant of the forgery, and that the original holder may recover of the acceptor, although the latter may have paid it.   *Chitty on Bills,* 162.   It follows, therefore, that the acceptor, who paid in error to one who had no right to receive, has a right to recover back the amount.

But the only evidence in the record, to prove the forgery of Troy's signature, is contained in the record of the suit instituted by him against the plaintiffs in Tennessee, to which the defendant was not a party.   The verdict and judgment in that case was, perhaps, admissible, to prove the fact that such a recovery had been had, *rem ipsam;* but we cannot agree with the judge of the district, that they are conclusive upon Leverich, unless he can prove fraud and collusion.   He had

no opportunity to cross-examine the witnesses and to offer rebutting evidence. As to him, the whole proceeding was *ex parte*. To give to the judgment recovered against the plaintiff in Tennessee, the effect of *res judicata*, in relation to the defendant, as to all the facts in controversy in the case, who was neither cited nor notified of the proceedings, would be, in our opinion, to give a much greater faith and credit to the judicial proceedings of a sister state, than is contemplated by the act of congress.

We have not inquired whether the right of the plaintiffs to recover in this case, depends upon their proving that they gave notice to the defendant, of the forgery, as soon as they discovered it. It is not pretended they knew it before the maturity of the bill. We think that the judgment, under the circumstances of this case, should be one of non-suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that ours be for the defendant, as in case of a non-suit, with costs in the District Court, those of the appeal to be paid by the appellee.