ROBERT HENRY JACKSON *v.* THE COMMERCIAL BANK OF NEW ORLEANS.

Where a bill of exchange is assignable only by endorsement, one who obtains possession of it by a forged endorsement, acquires no interest, though ignorant of the forgery ; and the original holder may recover of the acceptor, though the *latter* have paid the amount of the bill to the person in possession under such endorsement, unless it be shown that such payment was made through the fault of the original holder ; but the fault must be shown, and the burden of proof is upon the party who justifies the payment.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*I. W. Smith,* for the plaintiff, cited *Dick et al.* v. *Leverich,* 11 La. 573. *Brown* v. *Depau,* 1 Harper's Constit. Rep. 258.

---

*Maybin*, for the appellants.

BULLARD, J. This is an action against the drawer of a bill of exchange, or check at sight upon the Girard Bank of Philadelphia, which was duly protested for non-payment. The defence is, that the original bill of exchange, of which a duplicate or second set is sued on, was duly presented and paid by the defendant. The payment is not contested; but it is alleged by the plaintiff that it was made to a person not authorized to receive payment, and without his endorsement.

It is clearly shown that the endorsement was not genuine, and, consequently, the Girard Bank paid, in its own wrong, the original draft. The rule of law recognized in the case of *Dick et al.* v. *Leverich,* 11 La. 573, was, that where a bill is assignable only by endorsement, a person who obtains possession of it by a forged endorsement, acquires no interest in it although ignorant of the forgery, and that the original holder may recover of the acceptor, although the latter may have paid it.

The principle settled in that case appears to us applicable to the present, without any further proof of the loss of the original draft. It is true that cases may be supposed in which the rule would operate a great hardship, and where by collusion the original holder may be twice paid. But whenever it could be shown that, through the fault of the original holder, a loss had been sustained by payment to a person in possession of the instrument even with a forged endorsement, it would seem contrary to equity that he should be allowed to recover. But the fault must be shown, and the burden of proof is upon the defendant who seeks to justify a payment made in the course of business. We do not, however, consider the articles of the Code, which have been cited, relating to lost instruments, as having any bearing upon the present case. They relate to cases where the lost instrument becomes the foundation of a suit or defence, that is to say, wherever the original written title cannot be produced, and it becomes necessary, in order to enforce an obligation, or establish an exception, to resort to secondary evidence. Civ. Code, arts. 2258, 2259.

*Judgment affirmed.*